UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER AGUERO,<br>              Plaintiff,<br><br>     v.<br><br>MORTGAGEIT, INC., et al.,<br><br>              Defendants. | 1:09-CV-0640 OWW SMS<br><br>MEMORANDUM DECISION RE MORTGAGEIT, INC.'S MOTION TO DISMISS (DOC. 8). |

## I. INTRODUCTION

Before the court for decision is Defendant MortgageIT, Inc.'s motion to dismiss Plaintiff Walter Aguero's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 8. On February 12, 2009, Plaintiff filed a complaint in the Superior Court of the State of California, County of Kern, alleging seven causes of action.[1] Doc. 2. On April, 9, 2009, Defendant removed the action to federal court pursuant to 28 U.S.C. §§ 1331, 1441 based on a federal question. *Id*.

Plaintiff failed to file any opposition or statement of non-

---

[1] (1) For declaratory relief; (2) to set aside the notice of trustee's sale and notice of default; (3) for cancellation of instruments; (4) to quiet title to real property; (5) for an accounting; (6) for injunctive relief; and (7) for damages.

1

opposition in response to the motion to dismiss.  Defendant filed a reply indicating Plaintiff's failure to respond and requesting that Plaintiff's complaint be dismissed in its entirety.  Doc. 15.

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Motion to Dismiss

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. (citing Twombly, 550 U.S. 556-57).  Dismissal also can be based on the lack of a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and

2

draw[s] all reasonable inferences" in the light most favorable to the nonmoving party. *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1035 (9th Cir. 2005) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

### III. BACKGROUND

On February 13, 2006, Plaintiff financed the purchase of a residential property located at 4506 Idlerock Avenue, Bakersfield, California ("Subject Property") through a deed of trust and promissory note with Defendant lender in the amount of $343,200.00 ("Subject Loan"). Doc. 2 at 3-5. Plaintiff later defaulted on the Subject Loan. *Id.* at 7. On September 5, 2008, a notice of default and election to sell under deed of trust, Instrument No. 0208141855, was recorded in the Office of the County Recorder of Kern County. *Id.* On December 10, 2008, a notice of trustee's sale, Instrument No. 0208191009, was also recorded. *Id.*

Plaintiff alleges that Defendant engaged in wrongful conduct related to its loan practices, including failing to explain the consequences of obtaining a loan and failing to provide copies of

3

all of the necessary documents.  *Id.* at 16-18.  Plaintiff also alleges that defendants NDEX West LLC, North American Title Company, Inc., and Alliance Title Company, Inc.[2] improperly initiated non-judicial foreclosure proceedings on the Subject Property.  *Id.* at 20.

### IV. ANALYSIS

#### A. Statutory Violations.

Defendant moves to dismiss the first cause of action for declaratory relief on the grounds that: (1) the Subject Loan is not governed by California Civil Code § 1632 or § 4970; (2) and Plaintiff's Truth in Lending Act ("TILA"), Federal Reserve Regulation Z ("Reg Z"), Home Ownership and Equity Protection Act ("HOEPA"), and Federal Trade Commission Act ("FTCA") claims are both factually deficient and time-barred.

#### 1. California Civil Code § 1632.

Plaintiff alleges that because of a language barrier and Defendant's failure to provide a copy of "the contract or agreement in Spanish," which was "the language in which the contract or agreement was negotiated," the "Promissory Note and Deed of Trust is [] voidable and subject to statutory rescission and damages" pursuant to California Civil code § 1632."  Doc. 2 at 17.

---

[2] Only defendant MortgageIT is a party to this motion.  *See* Doc. 8 at 1.

4

The Subject Loan is not governed by California Civil Code § 1632, which applies to "loan[s] or extension[s] of credit secured *other than by real property*," because the Subject Loan is a mortgage loan secured by an interest in real property.  Cal. Civ. Code § 1632(b)(2)(emphasis added); Doc. 2. at 3.  Although the statute does cover some forms of home loans, including loans subject to the Industrial Loan Law, loans subject to the California Finance Lenders Law, reverse mortgages, and loans negotiated by real estate brokers, Plaintiff does not allege facts that suggest the application of any of these exceptions. *See* Cal. Civ. Code § 1632(b)(2)-(c).

Defendant's motion to dismiss the California Civil Code § 1632 claim is GRANTED.

2.   California's Predatory Lending Law.

Plaintiff alleges that Defendant failed to disclose "a yield spread premium (YSP) provisions, the cost of which was to be paid by Plaintiff as added points and fees in connection with their residual mortgage loan…in violation of California's Predatory Lending Law, as set forth in [California] Financial Code, § 4970."  Doc. 2 at 6.

California's predatory lending laws prohibit specific acts in connection with "covered loans."  Cal. Fin. Code § 4973.  A "Covered loan" is:

5

> A consumer loan in which the original principal balance of the loan does not exceed the most current conforming loan limit for a single-family first mortgage loan established by the Federal National Mortgage Association in the case of a mortgage or deed of trust, and where one of the following conditions are met:
>
> (1) For a mortgage or deed of trust, the annual percentage rate at consummation of the transaction will exceed by more than eight percentage points the yield on Treasury securities having comparable periods of maturity on the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor.
>
> (2) The total points and fees payable by the consumer at or before closing for a mortgage or deed of trust will exceed 6 percent of the total loan amount.

Cal. Fin. Code § 4970(b).  The most current conforming loan limit for a single family mortgage loan established by the Federal National Mortgage Association is $417,000.00[3]  Plaintiff alleges that the principal of his loan is $343,200.00, but does not allege either that the annual percentage rate at consummation of the transaction exceeded the Treasury securities rate by more than eight percentage points or that the total points and fees paid by the consumer at or before closing exceeded six percent of the total loan amount.  See Doc. 2 at 17.[4]

Defendant's motion to dismiss the California Civil Code § 4970 claim is GRANTED.

---

[3] *See* Fannie Mae, About Fannie Mae: Loan Limits, available at: http://www.fanniemae.com/aboutfm/loanlimits.jhtml (last visited August 7, 2009.)

[4] Defendant cites, *De Los Santos v. World Capital Financial*, 2009 U.S. Dist. LEXIS 22913, at *9 (C.D. Cal. Mar. 9, 2009) for the proposition that the conforming loan limit is $250,000.  Based on this, erroneous figure, Defendant argues that because Plaintiff alleges that the principal of his loan is $343,200.00, § 4970(b) does not apply.  It is not clear where the De Los Santos court obtained the $250,000 figure, as no source is cited.

6

### 3. Plaintiff's TILA, Regulation Z, HOEPA, and Federal Trade Commission Act Claims.

Plaintiff alleges that Defendant "engaged in deceptive loan practices ... in knowing violation of [HOEPA, TILA, Reg Z, and the FTCA]." Doc. 2 at 6. However, the complaint does not explain how Defendant violated HOEPA, TILA, Reg Z, or the FTCA; Plaintiff merely alleges that "[t]he full details of these violations are presently unknown to Plaintiff, however, when these facts are ascertained through discovery and investigation, this complaint will be amended with leave of court to allege those facts." *Id*. This is insufficient. *See, e.g., Martinez v. Quality Loan Serv. Corp.*, 2009 U.S. Dist. LEXIS 21920, at * 13-14 (C.D. Cal. Feb. 10, 2009) (finding that allegations of "unspecified acts violating unspecified provisions of the federal law," including assertions that "the specifics of [violations] are unknown, but which are subject to discovery and with respect to which the specifics will be alleged by amendment to this complaint when ascertained," were insufficient to state claims for TILA, HOEPA, and FTCA violations); *Barsekian v. First Am. Loanstar Trustee Servs.,* 2009 U.S. Dist. LEXIS 2884, at *3-4 (C.D. Cal. Jan. 6, 2009) (dismissing plaintiff's claim for "predatory lending practices" because she "failed to provide a single allegation of practices by [defendant] that could be deemed predatory").

Plaintiff's damages claims under HOEPA and TILA are also

7

time-barred, as damages under either statute are subject to a one-year statute of limitation. 15 U.S.C. § 1640(e); *see Fonua v. First Allied Funding*, 2009 U.S. Dist. LEXIS 30195, at *11 (N.D. Cal. Mar. 27, 2009) (acknowledging that "[c]laims under HOEPA are governed by TILA's one year statute of limitations" and thus dismissing plaintiff's HOEPA claim under this one-year limitation period). Plaintiff alleges that he entered into the Subject Loan with Defendant on February 13, 2006, but his complaint was not filed until three years later, on February 13, 2009. Doc. 2 at 13, 16. Because "the limitations period starts at the consummation of the transaction," Plaintiff's damages claims under HOEPA and TILA were brought after the one-year statute of limitations. *Rosales v. Downey S&L Ass'n, F.A.,* 2009 U.S. Dist. LEXIS 15923, at *18 (S.D. Cal. Mar. 2, 2009) (quoting *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986)). Plaintiff does not allege that he is entitled to equitable tolling, Plaintiff's damages claims under HOEPA and TILA are time-barred.

In addition to damages, rescission may be available under HOEPA and TILA in some circumstances. 15 U.S.C. § 1635; 12 C.F.R. § 226.23. To the extent rescission may apply here, any such claim is also time-barred. The consumer's right to rescission is absolute only for a period of three days after the loan is consummated, 15 U.S.C. § 1635(a); 12 C.F.R. §

226.23(a)(3), unless the lender fails to provide "material disclosures" at the closing, in which case the period is extended to three years, 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3) There are no allegations in the complaint that the lender failed to make "material disclosures." Therefore, the three-day limitations period applies. As Plaintiff did not initiate this lawsuit within that time period, any rescission action is time barred.

Reg Z, 12 C.F.R. § 226.4(c)(2), interprets TILA by defining terms such as "finance charge." Claims brought under Reg Z are subject to TILA's statute of limitations. *See, e.g., Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 11990-91 (2009). Therefore, Plaintiff's Reg Z claims are also time-barred.

Finally, Plaintiffs' FTCA claim fails because there is no private right of action under that statute. "[P]rotection against unfair trade practices afforded by the [FTCA] vests initial remedial power solely in the Federal Trade Commission." *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973).

Defendant's motion to dismiss the TILA, HOEPA, Reg Z, and FTCA claims is GRANTED.

### 4. Declaratory Relief Claim.

Actions for declaratory relief are only permitted where there is an "actual controversy relating to the legal rights and

9

duties of the respective parties." Cal. Civ. Proc. Code § 1060. "The fundamental basis of declaratory relief is the existence of an *actual, present controversy* over a proper subject." *City of Cotati v. Cashman*, 29 Cal. 4th 69, 79 (9th Cir. 2002) (citations omitted) (emphasis in the original). Given the court's ruling on the motion, specifically the finding that Defendant has no liability to Plaintiff, declaratory relief is improper.

Defendant's motion to dismiss the entire first cause of action for declaratory relief is GRANTED.

B. <u>Second Cause Of Action To Set Aside The Notice of Trustee's Sale And Notice of Default.</u>

Defendant moves to dismiss the second cause of action (to set aside the notice of trustee's sale and notice of default) on the grounds that: (1) it lacks foundation; and (2) it misstates the law in regards to proper procedure for a non-judicial foreclosure.

Plaintiff alleges that Defendant failed to give him notice of default and election to sell and notice of trustee's sale in violation of California Civil Code § 2924, and that, as a result, "all provisions contained in those documents which purport to authorize the commencement of a non-judicial foreclosure are unenforceable." Doc. 2 at 7-8. Plaintiff further alleges that although Defendant "represented to Plaintiff that it is in possession of the *original* Promissory Note," it actually does not

10

have possession of the original note and "[a]s a result, the non-judicial foreclosure…is void and in violation of statute and therefore cannot be the basis of a statutory non-judicial foreclosure pursuant to Civil Code § 2924." *Id.* at 9 (emphasis in the original).

Plaintiff bases the second cause of action on alleged "predatory lending practices by defendant." *Id.* at 8. Plaintiff's statutory predatory lending claims have been dismissed. Therefore, predatory lending cannot form the basis for his claim to aside the notice of default and notice of trustee's sale.

Additionally, Plaintiff requests that the notice of default and election to sell under deed of trust and notice of trustee's sale be found "void and unenforceable" because Defendant does not possess the original promissory note. This is directly contrary to legal authority. It is well-established that non-judicial foreclosures can be commenced without producing the original promissory note. Non-judicial foreclosure under deeds of trust is governed by California Civil Code section 2924, *et seq*. Section 2924(a)(1) provides that a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. California courts have held that the Civil Code Provisions "cover every aspect" of the foreclosure process, *I.E. Assoc. v Safeco Title Ins. Co.*, 39 Cal. 3d 281, 285 (1985),

11

and are "intended to be exhaustive," *Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994). There is no requirement that the party initiating foreclosure be in possession of the original note. *See, e.g., Candelo v. NDEX West*, LLC, 2008 WL 5382259, at *4 (E.D. Cal. Dec. 23, 2008) ("No Requirement exists under statutory framework to produce the original note to initiate non-judicial foreclosure."); *Putkkuri v. ReconTrust Co.*, 2009 WL 32567, *2 (S.D. Cal. Jan 5, 2009) ("Production of the original note is not required to proceed with a non-judicial foreclosure."); *see also Vargas v. Reconstruction Co.*, 2008 U.S. Dist. LEXIS 100115, at *8-9 (E.D. Cal. Dec. 1, 2008).

Defendant's motion to dismiss the second cause of action is GRANTED WIHTOUT LEAVE TO AMEND

C.  <u>Third Cause Of Action To Cancel The Deed Of Trust And Promissory Note For The Subject Loan.</u>

Defendant moves to dismiss the third cause of action for cancellation of all instruments on the grounds that: (1) Plaintiff fails to allege any basis to justify cancellation; and (2) alternatively, if this cause of action is liberally construed as based on fraud, Plaintiff fails to meet the heightened pleading standard required by Federal Rule of Civil Procedure 9(b).

Cancellation of an instrument may be ordered when "there is a reasonable apprehension that if left outstanding it may cause

12

serious injury to a person against whom it is void or voidable." Cal. Civ. Code § 3412. Mental incapacity, illegality, duress, undue influence, fraud, mistake, and forgery are grounds for finding an instrument void or voidable. *See* Cal. Civ. Code §§ 40 (incapacity), 1569 (duress), 1575 (undue influence); *Stevenson v. Baum*, 65 Cal. App. 4th 159, 164 (1998) (fraud); *Bland v. Kelly*, 69 Cal. App. 2d 116, 119 (1945) (mistake); *Schiavon v. Arnaudo Bros.*, 84 Cal. App. 4th 374, 378 (2000) (forgery).

Here, Plaintiff alleges that the instruments "were the product of multiple violations," "the progeny of multiple violations of law," and "derived through a process of predatory lending practices." Doc. 2 at 22. The complaint alleges none of the bases for a finding of voidability. Even if Plaintiff's allegations are liberally construed as stating a claim for fraud, the allegations do not meet the heightened pleading standards required for such allegations under Federal Rule of Civil Procedure 9(b) ("a party must state with particularity the circumstances constituting fraud"). *See also Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) ("the complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity") (citations omitted). "[W]here several defendants are sued in connection with an alleged fraudulent scheme," a plaintiff must "differentiate [his] allegations" and "inform each defendant

13

separately of the allegations surrounding his alleged participation in the fraud." *Id.* at 764-65 (citations omitted). "[A] plaintiff must, at a minimum, identif[y] the role of [each] defendant[] in the alleged fraudulent scheme." *Id.* at 765.

Here, most allegations are directed at defendants collectively, such as that "MORTGAGEIT/MERS…have engaged in deceptive loan practices," and that "[Defendants ownership claims as to the property are] the product of a defective, deceptive and void transaction." Doc. 2 at 18, 22. The conclusory assertions do not satisfy Rule 9(b).

Defendant's motion to dismiss the third cause of action is GRANTED.


D.   Fourth Cause of Action to Quiet Title.

Defendant moves to dismiss the fourth cause of action to quiet title to real property, on the grounds that: (1) Plaintiff's allegations are insufficient to state a quiet title claim; and (2) the claim lacks foundation.

"[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee." *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994) (citations omitted). Here, Plaintiff defaulted on the Subject Loan, and does not allege that he has since paid (or even offered to pay) the outstanding balance. *See* Doc. 2 at 19.

14

Additionally, to the extent that the fourth cause of action is based on fraud, *see id.* at 10 ("…product of a defective, deceptive, and void transaction"), Plaintiff does not comply with the heightened pleading standard set forth in Rule 9(b).

Defendant's motion to dismiss the fourth cause of action is GRANTED.

E.   Fifth Cause of Action For An Accounting.

Plaintiff alleges that he "has previously requested from [Defendant] and has yet to receive [] a detailed accounting calculation and summary of the payoff balance they are demanding, including the unpaid principal balance, accrued interest, unpaid interest, daily interest charges and all other fees, costs or expenses comprising the payoff sum."  Doc. 2 at 23.  He claims that he "is legally entitled to such an accounting, yet [Defendant has] refused to provide one in a timely manner in compliance with California Civil Code § 2943."  *Id.*

Accounting actions are equitable in nature and appropriate when "the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable." *Civic W. Corp. v. Zila Indus., Inc.*, 66 Cal. App. 3d 1, 14 (1977) (citations omitted).  Normally, an accounting is appropriate where plaintiff seeks recovery in an amount that is unliquidated and unascertained, and that cannot be determined without an

15

accounting. *St. James Church v. Superior Court*, 135 Cal. App. 2d 352, 359 (1955) (internal citations omitted). Here, Plaintiff is simply demanding a payoff amount or an explanation of the payoff balance on his mortgage. He is not seeking recovery of the payoff balance, nor recovery of any amount for which an accounting is necessary. There is no basis for an equitable accounting claim. To the extent Plaintiff may be entitled to a statement of his payoff balance, any such right arises under different law.

Defendant's motion to dismiss the fifth cause of action is GRANTED.

F.  Sixth Cause of Action for Injunctive Relief.

Defendant moves to dismiss the sixth cause of action for injunctive relief on the grounds that: (1) it is not a valid cause of action; and (2) injunctive relief is an inappropriate remedy since there is no threat of continuing misconduct and Plaintiff has an adequate remedy at law.

Plaintiff alleges that Defendant is "currently threatening to, and unless temporarily and permanently enjoined, will deprive Plaintiff of the title to and ultimately the right of peaceful possession of [his] family residence" and that "[u]nless [Defendant is] enjoined from enforcing their void loan documents, Plaintiff will suffer irreparable harm." Doc. 2 at 10. Plaintiff further alleges that it is "appropriate that prior to

16

that occurrence, [Defendant] should be preliminarily enjoined from any further actions to conclude a non-judicial foreclosure." *Id.*

"Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." *Camp v. Board of Supervisors*, 123 Cal. App. 3d 334, 356 (1981) (quoting *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942)). Injunctive relief is unavailable unless "pecuniary compensation would not afford adequate relief." Cal. Civ. Proc. Code § 526. Additionally, "it is not a remedy designed to right completed wrongs," but is available to "prevent threatened injury." *Gafcon, Inc. v. Ponsor & Assocs.*, 98 Cal. App. 4th 1388, 1403 n.6 (2002) (citations omitted). "Unless there is a showing that the challenged action is being continued or repeated, an injunction should be denied." *Id.*

Here, as all of the substantive allegations have been dismissed, Plaintiff cannot obtain injunctive relief.

Defendant's motion to dismiss the sixth cause of action is **GRANTED**.

G.  <u>Seventh Cause of Action for Damages.</u>

Defendant moves to dismiss the seventh cause of action for damages on the grounds that it does not state a valid cause of action.

Plaintiff alleges that "[a]s a consequence of the multiple

17

violations of statute ... [Defendant is] liable to Plaintiff for damages suffered by [him], including general damages, compensatory damages, damages for bad faith foreclosure for attempting to assert a right to foreclose non-judicially through the use of defective and voidable debt instruments, and for statutory damages as provided by law." Doc. 2 at 24-25.

A request for Damages cannot form the basis of a separate cause of action. *See Lee v. First Franklin Fin. Corp.* , 2009 WL 1371740, at *2 (E.D. Cal. May 15, 2009) ("Injunctive relief, like damages, is a remedy requested by [a party], not a separate cause of action."). Because all of the substantive allegations have been dismissed, Defendant's motion to dismiss the seventh cause of action is GRANTED.

## V. CONCLUSION

For the reasons set forth above Defendant's motion to dismiss is GRANTED in its entirety without prejudice, except as to claims that have been dismissed with prejudice. Plaintiff has not requested leave to amend.

SO ORDERED
DATED:  August 10, 2009
                              /s/ Oliver W. Wanger____
                                Oliver W. Wanger
                              United States District Judge.

18